IN THE UNITED STATES DISTRICT COURT
FOR NEW JERSEY

File No. 43-12-001
**COTTRELL SOLENSKY & SEMPLE, P.A.**
550 Broad Street, Suite 1000
Newark, New Jersey 07102
Phone: (973) 643-1400
Fax: (973) 643-1900
Attorneys for Defendants, Steven Spencer and Merchants 5 Star, Inc.

| | |
|---|---|
| **EDWARD A. PANKOWSKI,**<br><br>Plaintiff,<br><br>vs.<br><br>**MERCHANTS 5 STAR, INC., and STEVEN SPENCER and JOHN DOES 1 through 5, aid names being fictitious,**<br><br>Defendants. | UNITED STATES DISCTIRCT COUNT FOR THE DISTRICT OF NEW JERSEY<br><br>CIVIL ACTION NO.<br><br>ANSWER, AFFIRMATIVE DEFENSES JURY DEMAND |

Defendants, Steven Spencer and Merchants 5 Star, Inc., by and through their attorneys the Law Offices of Cottrell Solensky & Semple, P.A. by way of Answer to the Complaint states:

1. Answering defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 1 of the Complaint.

2. Answering defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 2 of Plaintiff's Complaint except admits that on May 15, 2012, defendant Steven Spencer was operating a 2006 Volvo

tractor-trailer owned by Merchants 5 Star, Inc, in the course of his employment by Merchants 5 Star, Inc.

3. Answering defendants deny the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4. Answering defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5. Answering defendants deny the allegations contained in Paragraph 5 of the First Count of Plaintiff's Complaint.

**WHEREFORE**, the defendants demand judgment dismissing Plaintiff's Complaint.

### FIRST AFFIRMATIVE DEFENSE

This Court lacks personal jurisdiction over these answering defendants by reason of the failure of proper service of process.

### SECOND AFFIRMATIVE DEFENSE

The within action is barred by virtue of the Doctrine of Comparative Negligence in that the plaintiff's negligence was greater than defendants' alleged negligence, or plaintiff's damages should be reduced by virtue of plaintiff's comparative negligence, pursuant to N.J.S.A. 2A:15-5.1, et seq.

### THIRD AFFIRMATIVE DEFENSE

Any injuries which may have been sustained as alleged in the Complaint, were brought about, or were made more serious, by

the failure of the plaintiff to use an available seat belt or available passenger restraint device.

### FOURTH AFFIRMATIVE DEFENSE

Whereas plaintiff received or is entitled to receive benefits for the injuries allegedly incurred from sources other than a joint tortfeasor, the amount of these benefits (other than workers compensation benefits or proceeds from a life insurance policy) which duplicate any benefit contained in the award shall be deducted from any award recovered by the plaintiff, less any premium paid, all in accordance with N.J.S.A. 2A:15-97.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff failed to take reasonable steps to mitigate her damages; defendants bear no liability for damages which would otherwise have been avoided or prevented.

### JURY DEMAND

Pursuant to Fed. R. Civ. P. 38 (b) defendants hereby demand a jury trial as to all issues.

COTTRELL SOLENSKY & SEMPLE, P.A.
Attorney for Defendants, Steven Spencer and Merchants 5 Star, Inc.,

/s/ FLOYD G. COTTRELL, ESQ. (7820)

Dated: December 3, 2012

## CERTIFICATION

I hereby certify that the matter in controversy is the subject of another action entitled **Kristen Devine vs. Steven Spencer under Docket No MID-L--7082-12**. A Notice of Removal and Answer is also being filed with the United States District Court of the District of New Jersey on December 3, 2012.

                                          **COTTRELL SOLENSKY & SEMPLE, P.A.**
                                          Attorney for Defendants, **Steven Spencer and Merchants 5 Star, Inc.**

                                          /s/ FLOYD G. COTTRELL, ESQ (7820)

Dated: December 3, 2012